UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF TEXAS
DALLAS DIVSION

| | | |
|---|---|---|
| DARIUS THOMAS | ) | JURY TRIAL DEMANDED |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 3:23-cv-01651-B |
| | ) | |
| TRUEACCORD CORP. | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

TO THE HONORABLE JUDGE OF SAID COURT:

The Plaintiff Darius Thomas, by and through his attorney Otise Reed, files this Motion to Strike Defendant's Affirmative Defenses included in its Answer that was filed on August 18, 2023 (Dkt. 7). Plaintiff states the following in support thereof:

**I.  INTRODUCTION**

On August 18, 2023, Defendant filed an answer that denied many of Plaintiff's allegations and asserted five affirmative defenses. See (Dkt. 7). The specific affirmative defenses in Defendant's answer that Plaintiff contends are insufficiently pled, frivolous, vague, conclusory, and without factual basis are:

     i.       Any violation of the FDCPA, if one occurred, was a result of a bona fide error notwithstanding the maintenance of reasonable policies and procedures designed to prevent such error.

     ii.      Plaintiff has failed to mitigate damages, if any.

     iii.     Plaintiff proximately caused his own damages, if any.

     iv.     Plaintiff have failed to state a claim upon which relief can be granted.

     v.      Plaintiff has suffered no damages and lacks standing to pursue this claim.

## II. DEFENDANT'S AFFIRMATIVE DEFENSES SHOULD BE STRICKEN.

Plaintiff request this Court to strike the Defendant's five affirmative defenses as insufficient, frivolous, vague, conclusory, and without factual basis under Rule 12(f) of the Federal Rules of Civil Procedure. Defendant's affirmative defenses are merely boilerplate recitations that are so vague that they do not provide fair notice and significantly hinder Plaintiff's ability to narrowly tailor discovery or adequately prepare for trial. Therefore, this Court should strike the Defendant's affirmative defenses or, in the alternative, require the Defendant to amend its affirmative defenses.

This Court is faced with the following issues: 1) Whether *Twombly's* plausibility standard should apply to the affirmative defenses pled by Defendant. Are the five affirmative defenses asserted by Defendant insufficient so as to warrant striking those defenses under Fed. R. Civ. P. 12(f)?

Federal Rule of Civil Procedure 12(f) authorizes this Court to "strike from a pleading an insufficient defense or any . . . immaterial [or] impertinent . . . matter." Fed. R. Civ. P. 12(f). Rule 12(f)'s purpose is to "to avoid the expenditure of time and money that

must arise from litigating spurious issues." *Pugh v. City of Okla. City*, No. CIV-15-1070-D, 2015 U.S. Dist. LEXIS 166138, at *3 (W.D. Okla. Dec. 11, 2015) (quoting *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)). Rule 12(f) is also designed to "reinforce the requirement in Rule 8(e) that pleadings be simple, concise, and direct." 5C Charles Alan Wright & Arthur R. Miller, Federal *Practice and Procedure* § 1380 (3d. ed. 2014).

Although not generally favored, motions to strike should nonetheless be granted if the asserted defenses are insufficient as a matter of law, will confuse the issues in the case, or will otherwise prejudice the moving party. See, *e.g., Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057–61 (5th Cir. 1982); *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001); *Rodriguez v. Physician Lab. Servs., LLC*, No. 7:13-cv-622, 2014 WL 847126, at *2–3 (S.D. Tex. Mar. 4, 2014); *Rice v. Reliastar Life Ins. Co.*, No. 11-cv- 44-BAJ-M2, 2011 WL 1168520, at *2–4 (M.D. La. Mar. 29, 2011). See generally 5C Wright & Miller, supra, § 1381.

**A. Defendant's boilerplate affirmative defenses are devoid of facts and insufficient under the Twombly standard for pleadings.**

The United States Supreme Court established new pleading standards in *Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)* and *Ashcroft v. Iqbal, 556 U.S. 662 (2009)*. These cases require plaintiffs to not only provide fair notice of their claims but also plead sufficient facts that show that the right to relief is plausible. *Ashcroft, 556 U.S.* at 663; Twombly, 550 U.S. at 555-56. Mere formulaic recitations of the elements of a claim for relief or "unadorned, the-defendant-harmed-me allegations," or allegations that only state

"labels and conclusions" or "naked assertion[s]" "devoid of further factual enhancement" do not meet the pleading standards for a complaint. *Twombly, 550 U.S. at 555-57.* Although the Tenth Circuit Court has not resolved this issue, the vast majority of courts addressing this issue have held that Twombly's plausibility standard applies to affirmative defenses.

In *Kleppinger*, for example, the defendant asserted numerous affirmative defenses simply by listing the names of the defenses. *Kleppinger v. Texas DOT, 2012 U.S. Dist. LEXIS 198322 (S.D. Tex. August 10, 2012)*. The Court concluded "to plead an affirmative defense sufficiently, a defendant must plead "only enough facts to state [an affirmative defense] that is plausible on its face." Id. at 15. In other words, "if an affirmative defense gives fair notice of the defense by alleging sufficient facts to be plausible, then the motion to strike is futile." Id.

**1. Holding defendants and plaintiffs to the same Twombly pleading standard promotes fairness amongst the parties.**

It is simply inequitable to hold Plaintiff to a higher pleading standard than Defendant. Just as a Defendant faced with a conclusory, vague, or factually deficient complaint, a Plaintiff should not have to respond to and prepare discovery for defenses that lack factual support.

*In U.S. v. Quadrini*, the District Court reasoned that the same pleading standards must apply to Defendants and Plaintiffs alike. *United States v. Quadrini, 2007 WL 4303213 (E.D. Mich. Dec. 6, 2007)*. In *Quadrini,* the Defendant pleaded eight affirmative defenses in one sentence by naming each defense in succession. Id. at 5. "[O]therwise a court could not make a Rule 12(f) determination on whether an affirmative defense is adequately

4

pleaded under Rules 8 and/or 9 and could not determine whether the affirmative defense would withstand a Rule 12(b)(6) challenge." Id. at 11-12. Therefore, "[l]ike the plaintiff, a defendant also must plead sufficient facts to demonstrate a plausible affirmative defense, or one that has a 'reasonably founded hope' of success." Id. at 12.

### 2. Twombly's interpretation of Rule 8(a)(2) applies to defenses under Rule 8(b).

Rule 8(a)(2) requires that Plaintiff plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). Similarly, Rule 8(b) requires that defendants "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. Pro. 8(b)(1)(a). Both subsections of Rule 8 require a "short and plain" statement in the pleading of claims and affirmative defenses. Further, "under Rule 8(c), a defendant must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff fair notice of the defense that is being advanced." *Joe Hand Promotions, Inc. v. Izalco, Inc.*, No. H-16-3696, 2017 WL 3130581, at *1 (S.D. Tex. Jul. 24, 2017) (Miller, J.) (quotations omitted) (citing Rogers v. McDorman, 521 F.3d 381, 385 (5th Cir. 2008)).

For example, in *Hayne v. Green Ford Sales, Inc.*, the court held that affirmative defenses must allege factual allegations sufficient to establish plausibility under Rule 8(b)(1)(A). *Hayne v. Green Ford Sales, Inc., 263 F.R.D. 647, 651 (D. Kan. Dec. 22, 2009).* The court opined that Rule 8's general pleading standard, applies equally to claims and defenses. Id. The court reasoned that due to the parallel terminology of the "short and plain statement" language of Rule 8(a)(2) and the "short and plain terms" language of Rule 8(b)(1)(A), these rules establish the same pleading standard for claims and affirmative

5

defenses, respectively. Id.; See also *Aguilar v. City Lights of China Restaurant, 2011 WL 5118325, *3 (D. Md. Oct. 24, 2011)*.

## 3. The practical purpose of *Twombly's* plausibility standard is universal to all pleadings.

Litigation efficiency, erasing boilerplate complaints, and eliminating or at least limiting unnecessary discovery are all benefits of the *Twombly* decision. Accordingly, many courts have applied the *Twombly* standard to effectuate the same benefits. In the view of such courts, applying the heightened pleading standard to affirmative defenses serves the policy goals of *Twombly* and Iqbal in promoting litigation efficiency, in erasing boilerplate affirmative defenses, and in eliminating or at least limiting unnecessary discovery regarding asserted affirmative defenses.

For example, *in Burget*, the court held that the *Twombly* standard applies equally to plaintiff and defendant and that adverse parties should be provided enough information about an affirmative defense to allow them to tailor their discovery. *Burget v. Capital West Securities, Inc., No. CIV-09-1015-M, 2009 WL 4807619 (W.D. Okla. Dec. 8, 2009)*. The court reasoned that applying this standard to affirmative defenses was in keeping with *Twombly's* desire to avoid unnecessary discovery.

In the instant case, all or nearly all of Defendant's asserted affirmative defenses are, either, insufficiently pled or simply not affirmative defenses. Such conclusory, shotgun assertions, absent factual support and addressing the Plaintiff's complaint as a whole, as if each count was like every other count, was insufficient as a matter of law. Plaintiff can only speculate as to what the Defendant is referring to and even that is quite difficult.

Applying the *Twombly* standard to Defendant's affirmative defenses would be consistent with the Supreme Court's reasoning in Twombly and assist Plaintiff in eliminating, or at least, limiting unnecessary discovery in the present action.

### III. PRAYER

WHEREFORE Plaintiff prays that pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, this Court Strike Defendant's conclusory, boilerplate affirmative defenses, which are absent any factual support, and any such further relief which Plaintiff may be entitled.

Dated: August 18, 2023,     Respectfully submitted:

**THE LAW OFFICE OF OTISE REED**
5444 Westheimer Rd, Suite 1000
Houston, TX 77056
Phone (832) 352-5505
Fax (832) 301-0905
Admin@otisereedlaw.com
By: /s/ *Otise Reed*
**OTISE REED**
Fed No. 2108596

## **CERTIFICATE OF SERVICE**

I certify that on August 18, 2023, I electronically filed the foregoing document(s) with the Clerk of the Court using the CM/ECF, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system.

**THE LAW OFFICE OF OTISE REED**
5444 Westheimer Rd, Suite 1000
Houston, TX 77056
Phone (832) 352-5505
Fax (832) 301-0905
Admin@otisereedlaw.com
By: /s/ *Otise Reed*
**OTISE REED**
Fed No. 2108596